## DENISON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10952.

United States Court of Appeals Sixth Circuit.

Feb. 16, 1950.

Edward S. Reid, Jr., Emmett E. Eagan, Detroit, Mich., for petitioner.

Theron L. Caudle, Charles Oliphant, John M. Morawski, Ellis N. Slack, Robert N. Anderson, and Virginia H. Adams, Washington, D. C., for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This appeal, in which the Tax Court affirmed the conclusion of the Commissioner of Internal Revenue that for federal tax purposes the petitioner, John P. Denison,

had no valid partnership with his wife during the taxable years 1942 and 1943, has been fully considered upon the whole record and upon the oral arguments and printed briefs of the parties;

And it appearing that there is substantial evidence to support the findings of fact of the Tax Court, and that these findings are not clearly erroneous, that neither petitioner nor his wife intended to conduct a bona fide, working partnership; that Mrs. Denison neither invested capital in the firm nor contributed to its management; that, as stated in the court's opinion, the services of Mrs. Denison "constituted not the contribution of a partner but loyal assistance rendered by a wife to help her husband get started in his business"; that the large gross profits realized in 1942 and 1943 were due solely to petitioner's management, services, and prior contribution of capital; and that he retained absolute command over the use of the firm's assets and income;

And it appearing that, on its facts, the present case is distinguishable in material aspects from Weizer v. Commissioner, 6 Cir., 165 F.2d 722, and that the decision of the Tax Court is not contrary to any direction of the Supreme Court pronounced in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, indicating the proper criteria to be applied in husband and wife partnership tax cases;

The decision of the Tax Court is affirmed.

McALLISTER, Circuit Judge (dissenting).

In my view, the decision appealed from can not be said to be sustained by substantial evidence. According to the findings of the Tax Court, Denison and his wife on August 3, 1940, signed a partnership agreement which they caused their attorney to prepare, and "thereby agreed to become copartners" in the partnership here in question, for a ten-year period, commencing September 2, 1940. The Tax Court further found that Mrs. Denison conceived the idea of going into business with her husband; that both of them to-gether arranged for the facilities and quarters in which the company began business; that these facilities were obtained for the business in return for Mrs. Denison's clerical services to the owner of them; that the Denisons communicated their plans and decision to engage in business together to the party from whom they secured the office facilities, as well as to the company's principal customers and to suppliers whose products the company sold; that Mrs Denison rendered business services which were indispensable to the company and which it could not otherwise procure on a full-time basis during 1940 and 1941; that in order to render such services, Mrs. Denison employed a person to take care of her children and home; that when the company's need for additional capital was desperate, Mrs. Denison contributed capital for the benefit of the company which originated with her and which she had kept as her separate property from the time of her marriage ten years previously, and that such contribution of capital was substantial in relation to the then existing assets of the company and four times as large as the contemporaneous capital contribution of her husband; that the capital which she contributed was a materially important factor in the business success of the company and was never thereafter withdrawn. Mrs. Denison's testimony was uncontradicted that she made the contribution of capital available to the company as a contribution on her own behalf to its capital; and her testimony may not be arbitrarily disregarded when the other facts, as found, lend a flavor of truthfulness to their assertions. The fact that Mr. Denison, in 1941, filed an assumed name certificate for the company stating that he was the sole owner and operator of the business, as well as similar statements on signature cards for a bank account opened in the name of the same, does not derogate from the conclusion that the parties intended to be partners. In this regard, it is to be noted that the bank was authorized to honor checks upon Mrs. Denison's signature. Nor do the other events for 1941 and subsequent thereto with reference to

the manner of keeping the company books or tax returns afford substantial evidence for the conclusion that the Denisons did not intend to be partners at the time they executed the partnership agreement and commenced the operation of the business. The Tax Court's findings of fact as above mentioned support the contentions of petitioner. The decision of the Tax Court that the Denisons were not copartners is not sustained by the evidence.